IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BONNETTE, JR. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 22-4834 |
| HARTFORD FIRE INSURANCE COMPANY | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**　　　　　　　　　　　　　　　　　　　　**February 28, 2023**

  Defendant Hartford Fire Insurance Company moves to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Because the convenience of the parties and the interests of justice weigh strongly in favor of transfer, the motion shall be granted.

**BACKGROUND**

  On December 30, 2021, Plaintiff James Bonnette, Jr. ("Bonnette") was driving on Mount Ephraim Avenue in Camden, New Jersey[1] and was involved in a motor vehicle collision with Pamela Waters ("Waters"). Compl., ¶¶ 4-6, ECF No. 1-4. Bonnette alleges he suffered injuries to the neck and lower back.[2] *Id.* ¶¶ 9, 12. Bonnette's vehicle was insured under a policy issued by

---

[1] Plaintiffs Complaint lists the location as "Mantephraim Ave" which does not seem to exist. The Police report describes the accident occurring around "2619 Mount Ephraim Ave" which does exist. Police Report 3, ECF No. 4-4.

[2] Bonnette's injuries are described as "various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the neck and middle to lower back, all to Plaintiff's great loss and detriment." Compl. ¶ 12.

1

Defendant Hartford Fire Insurance Company ("Hartford"). Ins. Pol., ECF No. 7-3. The complaint alleges Waters was uninsured at the time of the collision. Compl. ¶ 16.

The New Jersey Police Report, attached and referenced by both parties,[3] relates the following facts: the vehicle collision occurred on "NJ 168" and the report was filed by the Camden County Police Department; Bonnette lives in Woodbury, New Jersey; Waters lives in Camden, New Jersey; Waters' vehicle had a New Jersey license plate and was removed to Camden Towing; Bonnette's vehicle had a New Jersey license plate and "sustained moderate but functional damage" and was driven away from the collision; Demetrius Grant and Jamey Shopkin were passengers in Waters' vehicle and both reside in Camden, New Jersey; Ivy Novak was a passenger in Bonnette's vehicle and resides in Woodbury, New Jersey; Waters was "transported to Cooper[4]" with complaints of head and arm pain; Bonnette "did not report any injury or complaint of pain for himself or the occupant" of his vehicle. Police Rep. 2-3, ECF No. 7-4.

As a result of the incident, on October 21, 2022, Plaintiff initiated a civil action in the Court of Common Pleas of Philadelphia County against Hartford asserting an Uninsured Motorist Claim. Compl. ¶ 16-17; Civ. Cov. Sheet 2, ECF No. 1-4. Defendant removed this action to the Eastern District of Pennsylvania on December 6, 2022, pursuant to 28 U.S.C. §1332 on the basis of diversity jurisdiction. Defendant now moves to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

**LEGAL STANDARDS**

"In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested

---

[3] *See* Def.'s Mot. Trans. Venue 2-3, ECF 4-4; Pl.'s Resp. in Opp'n, 2-3, ECF No. 7-4.

[4] The Court infers this is a reference to the well-known Cooper Hospital in Camden, New Jersey.

venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Under § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* The purpose of transferring venue "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The Defendants, as the moving parties, bear the burden of establishing the need for transfer. *Jumara*, 55 F.3d at 879.

As a threshold matter, the Court must first determine whether venue is proper in either or both the Eastern District of Pennsylvania and the District of New Jersey. *Id.* at 878. Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. § 1391(c)(2), a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Further, "in a State which has more than one judicial district . . . such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

3

**DISCUSSION**

Personal jurisdiction can be general or specific. *Hepp v. Facebook*, 14 F. 4th 204, 207 (3d Cir. 2021). "General jurisdiction extends to all claims against a defendant and exists where a company is essentially at home." *Id.* Specific jurisdiction requires a two-pronged analysis: (1) "there must be purposeful availment: minimum contacts with the [district] that show the defendant took a deliberate act reaching out to do business in that [district]," and (2) "the contacts must give rise to – *or* relate to – plaintiff's claims." *Id.* (emphasis added). "[T]he 'or' "contemplates that some relationships will support jurisdiction without a causal showing." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). Under the first prong, the plaintiff "must show that the defendant deliberately 'reached out beyond' its home – by, for example, 'exploi[ting] a market' in the forum [district]." *Id.* at 1025. "For the contacts to satisfy the second prong, there must be 'a strong relationship among the defendant, the forum, and the litigation.'" *Hepp*, 14 F. 4th at 207 (quoting *Ford Motor Co.*, 141 S. Ct. at 1028).

In this case, venue is proper in the Eastern District of Pennsylvania because Hartford explicitly admits it is "authorized to conduct business in the Commonwealth of Pennsylvania and licensed to transact insurance business in Philadelphia County."[5] Hartford admits that it has reached out beyond Connecticut where it's principal place of business is located, to conduct business in other states, including Pennsylvania. Def.'s Ans. ¶¶ 2-3, ECF No. 5; Def.'s Mot. Trans. Venue ¶ 8, ECF No. 4. Therefore, Hartford is subject to personal jurisdiction in and deemed to be a resident of the Eastern District of Pennsylvania for venue purposes under 28 U.S.C. § 1391(c)(2).

---

[5] Additionally, Hartford is assumed to have waived any personal jurisdiction defense because it has not raised the issue but has instead moved for removal and for transfer of venue in this litigation. *See* Fed. R. Civ. P. 12(h)(1)

*See* 28 U.S.C. § 1391(b)(1). Venue is also proper in the District of New Jersey because substantially all of the events giving rise to this claim occurred in New Jersey: the collision occurred in New Jersey and the vehicles, drivers, passengers, police, and hospital involved are all in New Jersey. *See* 28 U.S.C. § 1391(b)(2).

Because venue is proper in both the Eastern District of Pennsylvania and the District of New Jersey, the Court must next consider whether a transfer to the District of New Jersey would be in the interest of justice. *See* 28 U.S.C. § 1404(a). Courts consider various private and public interests in deciding whether transfer is appropriate. *Jumara*, 55 F.3d at 879. The private interests include: "plaintiff's forum preference . . . the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses . . . and the location of books and records." *Id.* at 879 (citations omitted). Public interests include: "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, . . . court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law." *Id.* at 879-80 (citations omitted). "A plaintiff's choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum." *Medina v. Haas*, No. 20-5019, 2021 WL 1088343 at *3 (E.D. Pa. Mar. 22, 2021). "A plaintiff's choice of forum, however, is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based." *Nat'l. Paintball Supply, Inc. v. Cossio*, 996 F. Supp. 459, 462 (E.D. Pa. 1998).

Here, the private interest factors weigh in favor of transfer to New Jersey. While a plaintiff's choice of forum is given deference, "[w]hen the chosen forum has little connection with

the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotech., B.V.*, No. 07-273, 2007 WL 4365328 at *5 (D.N.J. Dec. 11, 2007); *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("Plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum."). All aspects of the incident alleged in Bonnette's complaint occurred in the District of New Jersey. The claim arose from a vehicle collision in New Jersey, all individuals involved in the collision (drivers, passengers, emergency workers, towing services) are from New Jersey, and the police records are in New Jersey. Pl's Resp. Opp. Mot. Trans. Venue, ¶¶ 16-24, ECF No. 7. Presumably, Hartford finds it more convenient to litigate this issue in New Jersey, and the convenience of witnesses certainly weighs in favor of transfer. The lone factor on the other side of the scale is Bonnette's preference for the Eastern District of Pennsylvania, but he makes no persuasive argument for the private interests of this forum other than that it is only "2.7 miles" or "eight (8) minutes" from the Eastern District of Pennsylvania courthouse.[6] Pl.'s Resp. Opp'n ¶¶ 16, 37, ECF No. 7. Because Bonnette has chosen a forum which is neither his home nor the site of the occurrence upon which the suit is based, it is given less deference. Simply stating an adjacent federal district court is relatively nearby cannot outweigh the remaining factors all militating in favor of transfer.

---

[6] Indeed, the only connection to Pennsylvania found in the motions is the location of Plaintiff lawyer's office. Plaintiff argues it is not difficult for Defendant to litigate west over the Delaware River because it is a meager eight-minute drive from the proper courthouse. Therefore, the Court trusts Plaintiff will not find it oppressive to have to make the same short drive east to litigate this case.

As for public considerations, a judgment would be equally enforceable in either of the two districts. However, the other public interest factors favor transfer. Hartford has raised the issue of additional litigation between the involved parties.[7] This litigation will likely happen in New Jersey state courts. Based on the site of the collision and the residency of the parties, New Jersey has a stronger interest in deciding what is clearly a local controversy at home which is made more compelling by these potential parallel suits. Conversely, Pennsylvania has no special interest in having this case tried in the Eastern District. Importantly, the uninsured motorist claim is likely governed by the Hartford's New Jersey commercial policy. *See* Ins. Pol. 103, 118-132, ECF No. 4. Bonnette confusingly suggests Pennsylvania and New Jersey courts decline to engage in choice of law analysis under these circumstances.[8] Rather, "under well-settled Pennsylvania insurance contract law, the law of the state where the policy was delivered is the law applied in construing its terms." *Peele v. Atl. Express Transp. Grp., Inc.*, 840 A.2d 1008, 1011 (Pa. Super. Ct. 2003). While New Jersey law is not certain to be applied to this contract, the parties agree Pennsylvania law will certainly not be applied.[9] The Court agrees with Bonnette's contention that contract interpretation will provide the best form of analysis here but believes New Jersey courts are well-skilled at this task and are more knowledgeable at interpreting New Jersey commercial insurance

---

[7] Hartford has provided correspondence suggesting Waters and her passengers plan to bring claims against Bonnette. Mot. Trans. ¶ ¶ 12, 13, ECF No. 4-5. Based on the exclusive New Jersey residency of all individuals involved, the location of the collision, and the attorney's New Jersey office address, this litigation would likely take place in a New Jersey court.

[8] Bonnette cites only one case for this proposition involving a collision in the Cayman Islands and having no reference to New Jersey. *See State Farm Mut. Auto. Ins. Co. v. Krewson*, 764 F. Supp. 1012, 1013 (E.D. Pa. 1991).

[9] The parties dispute what law will ultimately be applied in construing the terms of the policy, but neither party suggests Pennsylvania law will apply. *See* Mot. Trans. ¶ 46, ECF No. 4; Resp. in Opp'n ¶¶ 45-46, ECF No. 7.

policies and New Jersey uninsured motorist endorsements. The Court therefore finds the public interest factors also favor transfer to the District of New Jersey.

**CONCLUSION**

Because the Defendant has met its burden of establishing that the convenience of the parties and the interests of justice weigh strongly in favor of transferring this case to the District of New Jersey. The Motion to Transfer is therefore granted.

An appropriate Order follows.

BY THE COURT:

/s/   Juan R. Sánchez
_____
Juan R. Sánchez,   C.J.